STATE OF MAINE                                    SUPERIOR COURT
                                                  CIVIL ACTION
CUMBERLAND, ss.                                   DOCKET NO: CV-05-232

STATE OF MAINE
mberland, ss, Clerk's Off.
SUPERIOR COURT

FEB 1 0 2006

RECEIVED

BRENDA FARRIS KENISTON,

                    Plaintiff        *

         v.                          *                    ORDER

JP MORGAN CHASE BANK,                *
                                     *
                    Defendant        *


This case comes before the Court on Defendant JP Morgan Chase Bank's

Motion for Summary Judgment.

## UNDISPUTED FACTS

On or about March 22, 2001, Plaintiff Brenda Farris Keniston (Plaintiff)

was divorced from Dana A. Keniston. Pursuant to the divorce decree, a parcel of

real property located at 152 Bragdon Road in Freeport was set-aside to Plaintiff

as her sole and exclusive property.[1] The divorce decree further ordered that each

party assume, pay, and hold harmless the other from all credit card and other

debt standing in the name of each party. On or about April 4, 2002, Providian

National Bank recovered a judgment against Dana Keniston for approximately

$24,100,00 from the use of a credit card. Shortly thereafter, Providian recorded a

writ of execution in the Cumberland County Registry of Deeds against Dana

Keniston that operates as a lien upon 152 Bragdon Road property. Plaintiff did

---

[1]     152 Bragdon Road was jointly owned by Brenda and Dana Keniston during their
marriage.

not receive notice of the writ of execution. Plaintiff recorded the divorce abstract on March 5, 2004.[2] JP Morgan Chase Bank (Defendant) is the successor-in-interest to Providian.

Plaintiff instituted this Declaratory Judgment action seeking to establish that Defendant has no right to claim a lien against property solely owned by Plaintiff based on a debt owed by Dana Keniston.[3] The sole issue is whether Plaintiff's failure to record the divorce abstract before Providian recorded its writ of execution establishes that Defendant's rights to 152 Bragdon Road are superior to those of Plaintiff.

## DISCUSSION

In moving for summary judgment, Defendant argues that by recording the writ of execution prior to the recording of the divorce abstract, Defendant is entitled to priority pursuant to Maine's recording statute. 33 M.R.S.A. § 201. In response, Plaintiff argues that the writ of execution is void because Defendant failed to notify Plaintiff of the writ of execution pursuant to 14 M.R.S.A. § 4651-A(5). In the alternative, Plaintiff argues that equitable considerations warrant an outcome in her favor. The Court reviews a motion for summary judgment in the light most favorable to the non-moving party to decide whether the parties' statements of material fact and the referenced record evidence indicate any genuine issue of material fact. *Bayview Bank, N.A. v. The Highland Gold Mortgagees Realty Trust*, 2002 ME 178, ¶ 9, 814 A.2d 449, 451. Plaintiff admits that there are no genuine issues of material fact.

---

[2] Plaintiff became aware of the lien when she tried unsuccessfully to refinance the property.

[3] Dana Keniston received a discharge in bankruptcy on August 9, 2004.

Recording an interest in property is paramount to protecting it from other interested persons. According to Maine's recording statute, the first person to properly record a conveyance in Maine takes priority over all other unrecorded conveyances. 33 M.R.S.A. § 201.[4] Recording a writ of execution in the registry of deeds for the county in which the property is located constitutes perfection of the attachment. 14 M.R.S.A. § 4154. The security interest remains perfected unless the judgment debtor is not notified before the twentieth day of the recording of the lien. 14 M.R.S.A. § 4651-A(5). Furthermore, according to the divorce laws, the disposition of property upon a divorce is effective against a person when the divorce decree or abstract is filed in the registry of deeds for the county where the real estate is situated. 19-A M.R.S.A. § 953(7) (Supp. 2004).

Here, although Plaintiff argues that she was not notified of the recording of the writ of execution, she is not the judgment debtor. The law requires only that the judgment debtor be notified of the recording of the writ of execution. The issue then becomes whether Defendant has a priority interest in 152 Bragdon Road by nature of recording the writ of execution before Plaintiff recorded the divorce abstract.

Recording statutes aim to protect "persons who have any interest in examining the record title to property to which they might thereafter become owner, either in whole or in part, absolutely or otherwise." *Banton v. Shorey, 77*

---

[4] "No conveyance of an estate in fee simple, fee tail or for life, or lease for more than 2 years or for an indefinite term is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed or lease is acknowledged and recorded in the registry of deeds . . . Conveyances of the right, title or interest of the grantor, if duly recorded, shall be effectual against prior unrecorded conveyances, as if they purported to convey an actual title. All recorded deeds, leases or other written instruments regarding real estate take precedence over unrecorded attachments and seizures." 33 M.R.S.A. § 201 (1999).

Me. 48 (1988). These statutes protect said persons by providing actual notice of changes in title. *Bayview Bank, N.A.*, 2002 ME 178, ¶ 14, 814 A.2d at 453. Similarly, after a divorce court divides property between the divorcing parties, the divorce laws require the recording of divorce decrees or abstracts to provide notice of changes in ownership of property. Until those decrees or abstracts are recorded, creditors, such as Defendant, are not put on notice of the change in ownership. Defendant's argument would be greatly weakened if Providian had actual notice of the divorce and the property disposition prior to recording the writ.[5] However, Providian was not aware of the divorce. When Providian filed the writ of execution, it did so in the county where Dana A. Keniston was a record joint owner of 152 Bragdon Road.

Notwithstanding Plaintiff's failure to record the divorce abstract, Plaintiff is asking the Court to permit her to present facts supporting her request for equitable relief from the writ of execution. The crux of Plaintiff's argument is that despite her failure to record her ownership interest in the property, a lien on her property arising from her ex-husband's debt is improper, unjust, and inequitable when a divorce decree establishes her sole right to the property.

Although Plaintiff is asking this Court for lenience in light of this unfortunate situation, the events that have taken place could have been avoided had Plaintiff simply recorded her divorce decree in 2001. Unfortunately for Plaintiff, there is an adequate remedy at law. Providian recorded first and therefore has a priority interest in 152 Bragdon Road.

---

[5] *Gagner v. Kittery Water District*, 385 A.2d 206, 207-08 (Me. 1978) ("When the facts known to the purchaser cast doubt upon the very existence of the seller's title, he is bound to inquire of him whether he has any real title or not.").

4

The entry is as follows:

Defendant JP Morgan Chase Bank's Motion for Summary Judgment is
GRANTED.

DATE: _____2-10-06_____

_____

Roland A. Cole
Justice, Superior Court

KENNETH ALTSHULER ESQ
257 DEERING AVENUE
PORTLAND ME 04103

MICHAEL MCCORMACK ESQ
PO BOX 1318
CONCORD NH 03301

STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: CV-05-232

BRENDA FARRIS KENISTON,

                  Plaintiff

      v.

JP MORGAN CHASE BANK,

                  Defendant

    and

B-LINE, LLC,

               Party in Interest

**AMENDED ORDER**

This case comes before the Court on Defendant JP Morgan Chase Bank's Motion for Summary Judgment and Plaintiff Brenda Farris Keniston's Motion for Summary Judgment.

## UNDISPUTED FACTS

On or about March 22, 2001, Plaintiff Brenda Farris Keniston (Plaintiff) was divorced from Dana A. Keniston. Pursuant to the divorce decree, a parcel of real property located at 152 Bragdon Road in Freeport was set-aside to Plaintiff as her sole and exclusive property.[1] The divorce decree further ordered that each party assume, pay, and hold harmless the other from all credit card and other debt standing in the name of each party. On or about April 4, 2002, Providian

---

[1] 152 Bragdon Road was jointly owned by Brenda and Dana Keniston during their marriage.

National Bank recovered a judgment against Dana Keniston for approximately $24,100.00 from the use of a credit card. Shortly thereafter, Providian recorded a writ of execution in the Cumberland County Registry of Deeds against Dana Keniston that operates as a lien upon 152 Bragdon Road property. Plaintiff did not receive notice of the writ of execution. Plaintiff recorded the divorce abstract on March 5, 2004.[2] JP Morgan Chase Bank (Defendant) is the successor-in-interest to Providian. Bee Line is the successor-in-interest to JP Morgan Chase Bank.

Plaintiff instituted this Declaratory Judgment action seeking to establish that Defendant has no right to claim a lien against property solely owned by Plaintiff based on a debt owed by Dana Keniston.[3] The sole issue is whether Plaintiff's failure to record the divorce abstract before Providian recorded its writ of execution establishes that Defendant's rights to 152 Bragdon Road are superior to those of Plaintiff.

## DISCUSSION

In moving for summary judgment, Defendant argues that by recording the writ of execution prior to the recording of the divorce abstract, Defendant is entitled to priority pursuant to Maine's recording statute. 33 M.R.S.A. § 201. In response, Plaintiff argues that the writ of execution is void because Defendant failed to notify Plaintiff of the writ of execution pursuant to 14 M.R.S.A. § 4651-A(5). In the alternative, Plaintiff argues that equitable considerations warrant an outcome in her favor. The Court reviews a motion for summary judgment in the

---

[2]     Plaintiff became aware of the lien when she tried unsuccessfully to refinance the property.

[3]     Dana Keniston received a discharge in bankruptcy on August 9, 2004.

2

light most favorable to the non-moving party to decide whether the parties' statements of material fact and the referenced record evidence indicate any genuine issue of material fact. *Bayview Bank, N.A. v. The Highland Gold Mortgagees Realty Trust*, 2002 ME 178, ¶ 9, 814 A.2d 449, 451. Plaintiff admits that there are no genuine issues of material fact.

Recording an interest in property is paramount to protecting it from other interested persons. According to Maine's recording statute, the first person to properly record a conveyance in Maine takes priority over all other unrecorded conveyances. 33 M.R.S.A. § 201.[1] Recording a writ of execution in the registry of deeds for the county in which the property is located constitutes perfection of the attachment. 14 M.R.S.A. § 4154. The security interest remains perfected unless the judgment debtor is not notified before the twentieth day of the recording of the lien. 14 M.R.S.A. § 4651-A(5). Furthermore, according to the divorce laws, the disposition of property upon a divorce is effective against a person when the divorce decree or abstract is filed in the registry of deeds for the county where the real estate is situated. 19-A M.R.S.A. § 953(7) (Supp. 2004).

Here, although Plaintiff argues that she was not notified of the recording of the writ of execution, she is not the judgment debtor. The law requires only that the judgment debtor be notified of the recording of the writ of execution. The issue then becomes whether Defendant has a priority interest in 152 Bragdon

---

[1] "No conveyance of an estate in fee simple, fee tail or for life, or lease for more than 2 years or for an indefinite term is effectual against any person except the grantor, his heirs and devisees, and persons having actual notice thereof unless the deed or lease is acknowledged and recorded in the registry of deeds . . . Conveyances of the right, title or interest of the grantor, if duly recorded, shall be effectual against prior unrecorded conveyances, as if they purported to convey an actual title. All recorded deeds, leases or other written instruments regarding real estate take precedence over unrecorded attachments and seizures." 33 M.R.S.A. § 201 (1999).

3

Road by nature of recording the writ of execution before Plaintiff recorded the divorce abstract.

Recording statutes aim to protect "persons who have any interest in examining the record title to property to which they might thereafter become owner, either in whole or in part, absolutely or otherwise." *Banton v. Shorey*, 77 Me. 48 (1988). These statutes protect said persons by providing actual notice of changes in title. *Bayview Bank, N.A.*, 2002 ME 178, ¶ 14, 814 A.2d at 453. Similarly, after a divorce court divides property between the divorcing parties, the divorce laws require the recording of divorce decrees or abstracts to provide notice of changes in ownership of property. Until those decrees or abstracts are recorded, creditors, such as Defendant, are not put on notice of the change in ownership. Defendant's argument would be greatly weakened if Providian had actual notice of the divorce and the property disposition prior to recording the writ.[5] However, Providian was not aware of the divorce. When Providian filed the writ of execution, it did so in the county where Dana A. Keniston was a record joint owner of 152 Bragdon Road.

Notwithstanding Plaintiff's failure to record the divorce abstract, Plaintiff is asking the Court to permit her to present facts supporting her request for equitable relief from the writ of execution. The crux of Plaintiff's argument is that despite her failure to record her ownership interest in the property, a lien on her property arising from her ex-husband's debt is improper, unjust, and inequitable when a divorce decree establishes her sole right to the property.

---

[5] *Gagner v. Kittery Water District*, 385 A.2d 206, 207-08 (Me. 1978) ("When the facts known to the purchaser cast doubt upon the very existence of the seller's title, he is bound to inquire of him whether he has any real title or not.").

4

Although Plaintiff is asking this Court for lenience in light of this unfortunate situation, the events that have taken place could have been avoided had Plaintiff simply recorded her divorce decree in 2001. Unfortunately for Plaintiff, there is an adequate remedy at law. Providian recorded first and therefore has a priority interest in 152 Bragdon Road.

The entry is as follows:

Defendant JP Morgan Chase Bank's Motion for Summary Judgment is GRANTED. Plaintiff Brenda Farris Keniston's Motion for Summary Judgment is DENIED.

DATE: _March 16, 2006_

_Roland A. Cole_
Justice, Superior Court

5

F COURTS
and County
3ox 287
ne 04112-0287

KENNETH ALTSHULER ESQ
257 DEERING AVENUE
PORTLAND ME 04103

)F COURTS
and County
Box 287
ine 04112-0287

MICHAEL MCCORMACK ESQ
PO BOX 1318
CONCORD NH 03301